United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41561
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

PEDRO VEGA-DOMINGUEZ,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-303-ALL
---------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

     Pedro Vega-Dominguez appeals his guilty-plea conviction and

his 72-month sentence for illegal reentry into the United States.

Vega-Dominguez preserved his challenge to the application of

mandatory Sentencing Guidelines for appellate review by objecting

in the district court that his sentence violated Blakely v.

Washington, 542 U.S. 296 (2004).  United States v.

Rodriguez-Mesa, 443 F.3d 397, 404 (5th Cir. 2006).

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vega-Dominguez's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Vega-Dominguez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Vega-Dominguez argues that the district court committed reversible error under United States v. Booker, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines, and that his sentence pursuant to mandatory Guidelines is a presumptively prejudicial structural error. Vega-Dominguez concedes that his claim of structural error is foreclosed by circuit precedent. See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

The district court erred when it sentenced Vega-Dominguez under the mistaken belief that the Sentencing Guidelines were mandatory. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). We agree with the Government's concession that it cannot show that Vega-Dominguez's 72-month sentence was harmless beyond a reasonable

doubt.  <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 464 (5th Cir. 2005).  The district court sentenced Vega-Dominguez near the bottom of the applicable range under the Sentencing Guidelines, and it gave no indication whether it would have imposed a different sentence under advisory guidelines.  Accordingly, we vacate Vega-Dominguez's sentence and remand for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.